**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Shawn B. Mathis<br>　　　　　　　Debtor(s) | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>　　　　　　　Movant<br>　vs. | NO. 20-10806 ELF |
| Shawn B. Mathis<br>　　　　　　　Debtor(s) | |
| William C. Miller Esq.<br>　　　　　　　Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,361.52,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | January 2021 through April 2021 at $1,262.88/month |
| Suspense Balance: | ($690.00) |
| **Total Post-Petition Arrears** | **$4,361.52** |

2. The Debtor(s) shall cure said arrearages in the following manner;

　　　a) Debtor shall make a payment in the amount of $3,810.00 on or before May 13, 2021.

　　　b) Beginning May 1, 2021 and continuing through October 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,309.77** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month)*, plus an installment

payment of **$91.92** for the months of May 2021 through October 2021 towards the arrearages on or before the last day of each month to Movant.

*The regular monthly payment due May 1, 2021 may be made by the debtor on or before May 30, 2021.

c)  Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 26, 2021                    /s/Rebecca A. Solarz_____
                                        Rebecca A. Solarz Esq.
                                        Attorney for Movant

Date: *April 26, 2021*                  */s/ David M. Offen, Esquire*
                                        David M. Offen Esq.
                                        Attorney for Debtor(s)

                                                                    *No objection to its
                                                                    terms, without
                                                                    prejudice to any of our
Date: *May 12, 2021*                    */s LeRoy W. Etheridge, Esquire, for\**   *rights and remedies*

                                        William C. Miller, Esq.
                                        Chapter 13 Trustee


Approved by the Court this __ day of _____, 2021. However, the court retains discretion regarding entry of any further order.


                                        _____
                                        Bankruptcy Judge
                                        Eric L. Frank